UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                    ORDER

JOHN CASTELUCCI,                           17-CR-89-8 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant John Castelucci's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Docs. 1139, 1143, 1146.) Familiarity with my prior order, (Doc. 1039), is presumed.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary

The renewed motion argues that now that COVID-19 has come to FCI Fort Dix, particularly in the unit where Defendant is housed, his medical condition and the risks posed by being in prison during the pandemic amount to extraordinary and compelling circumstances warranting release.[2] After the motion was filed but before the Government responded, Defendant received a positive result from a rapid test, is now in isolation and is checked twice daily by medical staff. The Government represents that Defendant is thus far asymptomatic, (Doc. 1145 at 2); Defendant denies this but provides no particulars, (Doc. 1146 at 2).

In deciding the previous motion, I concluded that Defendant's medical condition amounted to extraordinary and compelling circumstances, but they were outweighed by the § 3553(a) factors. That Defendant has unfortunately now been diagnosed with COVID-19 cuts both ways: the risk to his health has plainly increased, but a reduction of sentence will not help him avoid the virus. Reduction of sentence could permit private, outside health care should Defendant need it, but at this point there is no indication that he does. According to the BOP website, there are 2619 inmates at FCI Fort Dix and another 166 at the camp. There are 56 inmate cases and 8 staff cases. Thirty-five inmates and six staff have recovered. There have

---

and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2] Defendant emphasizes that he is not seeking a sentence reduction, but rather to serve his sentence on home confinement. (Doc. 1139 at 2; Doc. 1146 at 2.) To the extent Defendant seeks to serve his sentence on home confinement, authority to grant that relief is confined to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. §§ 3621, 3624. I can only reduce the sentence, although I recognize that I can increase the term and change the conditions of supervised release. *See* 18 U.S.C. § 3582(c)(1)(A).

been no deaths among staff or inmates.  While there are of course no guarantees about the future, it appears that the number of cases relative to the population is not overwhelming and that proper medical attention has been and can be given to those who are ill.

In any event, I continue to find that the risk to Defendant – increased though it is – remains outweighed by the § 3553(a) factors, which Defendant did not address in his application. What I said in my original ruling bears repeating:

> The 3553(a) factors militate strongly against release in any event.  Defendant is a longtime mobster who rose to the position of captain, a leadership role, in a murderous organization.  He capitalized on and enriched himself through the violence and fear inflicted by that organization, and his position allows him to direct the activities of others.  Evidence at his co-defendants' trial showed that he assigned others to administer a "hospital beating" to someone who had crossed the underboss.  Prior significant sentences have done nothing to deter him.  The instant case is his eighth conviction, his fifth felony, his third federal conviction, and his second under the racketeering statute.  It would seriously undermine several of the 3553(a) factors to release Defendant to home now.  Doing so would not give sufficient weight to either the seriousness of the offense or Defendant's lengthy criminal history; it would undermine respect for the law; it would not amount to just punishment; it would introduce unwarranted sentencing disparities; and it would not sufficiently address the need to protect the public from further crimes of Defendant.  As I noted at sentencing, there is no reason to believe Defendant will not commit further crimes.  He has a record of repeated serious violations of law, and given this track record, there is little reason for confidence that he would now eschew his sworn loyalty to the Lucchese Family of La Cosa Nostra if the remainder of his prison term were eliminated.  Because of their ability to direct violence by others, organized crime leaders do not "age out."  To the contrary, there is every reason to believe that Defendant will, if his sentence is reduced, do as he has done in the past and pick up where he left off as a captain in the Lucchese Family. He thus presents a danger to the community.

(Doc. 1039.)

Defendant is correct that his sentence of 37 months (of which he has served 14 months) should not be a death sentence.  Should Defendant's health take a significant turn for the worse, and should it appear that the BOP cannot provide the necessary medical care, Defendant may

3

renew his application.[3]  For now, the § 3553(a) factors – including Defendant's long history of breaking the law, his loyalty to a violent and malignant organization, and the need to protect the public from his likely further crimes – continue to outweigh the circumstances to which Defendant points.

Accordingly, the renewed motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 1139).

Dated: October 30, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] Any release other than one for emergency medical care would have to await Defendant's recovery in any event.  It is not realistic to presume that anyone Defendant would contact on the outside would be outfitted with the PPE that prison staff are provided, so release while he is infectious would risk the public health.  And once Defendant has recovered, the rationale for release would evaporate.