UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                 ORDER

JOHN CASTELUCCI,                            17-CR-89-8 (CS)

                  Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant John Castelucci's third motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 1155, 1159), and the Government's opposition thereto, (Doc. 1158). Familiarity with my prior orders, (Docs. 1039, 1147), is presumed.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]

In denying Defendant's second motion, I said:

> Defendant is correct that his sentence of 37 months (of which he has served 14 months) should not be a death sentence. Should Defendant's health take a significant turn for the worse, and should it appear that the BOP cannot provide the necessary medical care, Defendant may renew his application.[2] For now, the § 3553(a) factors – including Defendant's long history of breaking the law, his loyalty to a violent and malignant organization, and the need to protect the public from his likely further crimes – continue to outweigh the circumstances to which Defendant points.

(Doc. 1147 at 3-4.) The instant application does not support either that Defendant's health has taken a significant turn for the worse or that BOP has not provided the necessary medical care. Defendant provides virtually no information on those subjects, leaving me to rely on the BOP medical records provided by the Government. While they show that Defendant now reports symptoms, and while I do not minimize any case of COVID-19, his symptoms thankfully are relatively mild (fatigue, aches, gastrointestinal upset). His breathing, oxygen saturation, blood pressure and other vital signs are normal and he has no fever. He has been getting daily

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2] Any release other than one for emergency medical care would have to await Defendant's recovery in any event. It is not realistic to presume that anyone Defendant would contact on the outside would be outfitted with the PPE that prison staff are provided, so release while he is infectious would risk the public health. And once Defendant has recovered, the rationale for release would evaporate.

monitoring by a registered nurse, at time under the supervision of a doctor. He describes no treatment he requires that he can only get via private, outside care. His concern that he may suffer post-COVID complications is not irrational, but at this time it is speculative. In short, while I have acknowledged all along that Defendant is at risk for a severe case should he contract COVID-19, so far (happily) he has not gotten a severe case.

I thus remain persuaded that the § 3553(a) factors militate in favor of Defendant completing his sentence, He has served less than half his time, a much lower percentage than the inmates in the cases to which he cites. His argument that home detention would serve to deter as well as prison is, to put it charitably, counter-intuitive. And while he correctly points out that the Government and the Court are skeptical that he can be deterred at all, the argument that he therefore might as well serve his sentence on home confinement would only make sense if deterrence were the only, or even principal, purpose of sentencing. There are numerous purposes of sentencing set out in § 3553(a), and in Defendant's case just punishment and protecting the public (via incapacitation) are important ones. While he is correct that BOP has failed miserably in keeping COVID-19 out of FCI Fort Dix,[3] in light of the fact that Defendant's case does not appear to require a level of care beyond BOP's capacity (and in the absence of evidence that Defendant would not be hospitalized if he required it), the balance continues to weigh against release.

---

[3] FCI Fort Dix houses approximately 2750 inmates. There are currently 238 inmate cases and 18 staff cases – most of which are apparently, and unfortunately, in Defendant's housing unit. Forty-five inmates and six staff have recovered. There have been no deaths among staff or inmates. The number of cases relative to the population has grown, but it does not appear to be so large that proper medical attention cannot be given to those who are ill.

Accordingly, the motion is again denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 1155).

Dated: November 22, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.