UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Judgment Creditor,

v.

JOHN CASTELUCCI
a/k/a JOHN CASTELLE,

        Judgment Debtor,

and

ESTATE OF EUGENE CASTELLE,

        Garnishee.

17 CR 089 (CS)

**FINAL ORDER
OF GARNISHMENT**

    WHEREAS, pursuant to 18 U.S.C. § 3613, and the Federal Debt Collection Procedure Act, 28 U.S.C. § 3205, the United States sought, obtained, and served a writ of garnishment on the garnishee, ESTATE OF EUGENE CASTELLE, for substantial nonexempt property belonging to or due the judgment debtor, JOHN CASTELUCCI, a/k/a JOHN CASTELLE (Dkts. 1293-96);

    WHEREAS, the garnishee answered that it has two checks made payable to "John Castelle" from the City of New York, one check in the amount of $28,262.00 as proceeds of the settlement of a lawsuit, and one check in the amount of $18,476.00 for repayment of funeral expenses (Dkt. 1295) in the possession, custody, or control of the estate;

    WHEREAS, counsel for the judgment debtor received notice of each filing in the garnishment process via the court's Electronic Case Filing system (Dkts. 1293-95), and the United States also sent notice him by email (Dkt. 1296);

    WHEREAS, the judgment debtor has not claimed an exemption, or requested a hearing, or objected to the garnishee's answer within the time allowed by 28 U.S.C. §§ 3202(d) (claims for

exempt property or request for hearing must be made 20 days from service of the writ) and 3205(c)(5) (objections to a garnishee's answer due 20 days after receipt of the answer);

WHEREAS, pursuant to 18 U.S.C. § 3613(a), notwithstanding any other law, the unpaid criminal fine may be partially satisfied by funds due or owing to JOHN CASTELUCCI, a/k/a JOHN CASTELLE from the ESTATE OF EUGENE CASTELLE because that property is not exempt from garnishment, *see e.g., United States v. Reuter*, 849 F. App'x. 382, 385 (3d Cir. 2021); *United States v. Phillips*, 303 F.3d 548, 549-51 (5th Cir. 2002) (affirming garnishment of criminal defendant's inheritance); *United States v. Smith*, 768 F. App'x. 934 (11th Cir. 2019) (affirming garnishment of lawsuit settlement proceeds awarded to criminal defendant); *Stacy v. United States*, 70 F.4th 369, 374 (7th Cir. 2023) (affirming offset of settlement award to defendant toward his criminal judgment);

WHEREAS, as of October 26, 2023, the judgment debtor owes $151,817.91 on the criminal fine; and

WHEREAS, the Clerk of Court cannot accept the two checks held by the garnishee in their current form because they are made payable to "John Castelle" and the Clerk of Court is unable to deposit third-party endorsed checks;

WHEREAS, counsel for the United States has conferred with counsel for the garnishee who each confirmed the judgment debtor's interest in the funds underlying the two checks held by the garnishee and his lack of objection to applying those funds to the fine in this case;

IT IS HEREBY ORDERED that within three business days from receipt of this order, Rob Rickner, Esq., counsel for Lucille Tirado, Administrator of the ESTATE OF EUGENE CASTELLE, is authorized to and shall negotiate the two checks made payable to "John Castelle" in the possession, custody, or control of the estate as needed to issue one check from an account

of the estate or Mr. Rickner's IOLTA or law firm account of the in the total sum of $46,738.00 made payable to "Clerk of Court" with "No. 17 CR 089" written on the face of the payment mailed or delivered to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier within 10 business days from receipt of this order.

Dated: New York, New York
　　　　November 1, 2023

*Cathy Seibel*
_____
UNITED STATES DISTRICT JUDGE

Final Order of Garnishment – Page 3